878 F.2d 383
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sylvia Dumas VICK, et al., Plaintiffs,
Kenton School United Taxpayers et al., Intervenors-Appellants,
v.
COUNTY BOARD OF EDUCATION OF OBION COUNTY, TENNESSEE, et
al., Defendants-Appellees.
 No. 88-5845.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1989.
 
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and BENJAMIN F. GIBSON,* District Judge.
 PER CURIAM.
 
 
 1
 Intervening plaintiffs in this school desegregation action appeal a judgment entered in the United States District Court for the Western District of Tennessee denying their motion to enjoin the closing of the Kenton School in Obion County, Tennessee.
 
 
 2
 This action was originally filed in 1961 to desegregate the students and faculty in the Obion County schools. In 1962, the district court approved a plan for complete desegregation of the Obion County school system and in 1974 the court, sua sponte, dismissed the case, declaring that the school system was not unitary. The dismissal was explicitly without prejudice to parties having a reasonable basis for complaint "if and as the defendant school is found not to be operating as a unitary system under requirements of law." There was no further action in this case for twenty-two years.
 
 
 3
 Until 1986, the Kenton School included students from grades K-12. The City of Kenton lies on the county line of Obion and Gibson counties. Students from both counties attend the Kenton School which is located in Obion County. In 1976, the State Commissioner of Education determined that there were safety deficiencies in several Obion County schools including the Kenton School. A consolidation plan was approved by Obion County for its schools which involved construction of several new elementary schools within the county the last of which would be located in the town of Rives and include students from the present Rives Elementary School and elementary students from the Kenton School. The Kenton High School was to be closed completely.
 
 
 4
 In 1986, the appellants intervened in this action claiming that the closing of the Kenton High School and the consolidation of the Rives and Kenton Elementary Schools in a new facility violated the Obion County School Board's affirmative duty to eliminate all vestiges of the prior racially segregated dual school system. Gibson County School District was added as a defendant because some of the students who attend the Kenton school reside in Gibson County. In August 1986, the Kenton High School was closed after the court denied a motion for a preliminary injunction that it remain open. The court granted a preliminary injunction delaying construction of the new Rives Elementary School until the court decided the merits of this case.
 
 
 5
 After a hearing on the merits of the case, the district court found that the intervenors had failed to show that the proposed closing of the Kenton School was racially motivated or that the minimal adverse racial impact which would result violated the Obion County School Board's affirmative duty to maintain a racially nondiscriminatory school system. The court therefore dissolved the injunction. The court also declined to exercise jurisdiction over the asserted state-law claims because they are currently being considered by the Obion County Chancery Court. The intervenors filed this timely appeal.
 
 
 6
 On appeal, the intervenors contend that the district court incorrectly placed the burden of proof on the intervenors to show that the defendants' actions were not racially motivated. They allege that the defendants have the burden to prove that the school closing will not have a racially adverse impact on the original plan of desegregation and that they have failed to meet that burden.
 
 
 7
 The intervenors have made a very persuasive argument that the present operation of the Obion and Gibson Counties schools reflects full and successful compliance with preexisting directives of the United States District Court for the Western District of Tennessee desegregating what in 1961 was a dual and constitutionally impermissible system. At the same time, they appear to have been unsuccessful in persuading the district court that the prospective changes in the school locations and assignments of students, apparently motivated by a need to modernize and to consolidate presently outmoded systems, have been or are likely to result in resegregation or the destruction of the present unitary school system.
 
 
 8
 Accordingly, for the reasons set forth in the opinion of United States District Judge James D. Todd filed in the district court on June 20, 1988, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation